UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES BROWN | CIVIL ACTION |
| VERSUS | NO: 09-00105 |
| CENAC TOWING CO., INC. | SECTION: "C" (5) |

## ORDER AND REASONS

Before the Court are plaintiff James Brown's Motion for Partial Summary Judgment (Rec. Doc. 22) and Motion to Extend Deadlines (Rec. Doc. 25) and defendant Cenac Towing's Motion to Appoint Expert. (Rec. Doc. 26).

Based on the memoranda of parties and the relevant case law, the Court DENIES Plaintiff's Motion for Partial Summary Judgment, GRANTS Plaintiff's Motion to Extend Deadlines, DENIES Defendant's Motion to Appoint Expert, and orders a trial continuance for the following reasons.

**Law and Analysis**

I. Motion for Partial Summary Judgment

    *A. Legal Standard*

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c);

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323, 106 S.Ct. 2548, 2552 (1986). A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc*., 910 F.2d 167, 178 (5th Cir.1990) ( citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249, 106 S.Ct. 2505, 2511 (1986)). The moving party bears the burden of establishing that there are no genuine issues of material fact.

   *B. Discussion*

Plaintiff moves for partial summary judgment on the issue of maintenance and cure seeking a retroactive increase in his maintenance rate and payment of his medical expenses. Plaintiff argues that no factual dispute exists as to whether Plaintiff was a seaman on Defendant's vessel, and that no dispute exists that he was injured in service of the vessel, and concludes that no issue exists as to whether he is entitled to maintenance and cure benefits. (Rec. Doc. 22-2 at 7). Plaintiff also seeks punitive damages. (Rec. Doc. 22-2 at 6). Defendant argues that there are significant factual disputes underlying Plaintiff's claims that preclude summary judgment on this issue. (Rec. Doc. 35 at 2).

Plaintiff relies primarily on *Morales v. Garijak, Inc.*, 829 F.2d 1355, 1358 (5th Cir. 1987) *abrogated on other grounds, Guevara v. Maritime Overseas Corp.*, 59 F.3d 1496 (5th Cir.1995) for the proposition that when a seaman is injured at sea, he is owed maintenance and cure, regardless of fault. (Rec. Doc. 22-2 at 3). Defendant responds that 1) by asserting a *McCorpen* defense, alleging that Plaintiff intentional withheld prior medical history during the hiring process, it raises factual issues that would be a defense to the general maintenance and cure rule,

2

*see McCorpen v. Central Gulf SS Corp.*, 396 F.2d 547 (5th Cir. 1968); *In re Falcon Workover Co., Inc.*, 1999 WL 243657 (E.D. La. 1999) (Rec. Doc. 35 at 3-10) and 2) in the alternative, that Plaintiff's refusal of Defendant's suggested course of treatment can also forfeit his right to maintenance and cure, citing *Oswalt v. Williamson Towing Co., Inc.*, 488 F.2d 51, 53 (5th Cir. 1974) (Rec. Doc. 35 at 11).

Plaintiff does not address Defendant's willful concealment defense. *McCorpen* remains good law. Defendant has raised factual questions as to each prong of the *McCorpen* defense: 1) the claimant intentionally misrepresented or concealed medical facts; 2) the non-disclosed facts were material to the employer's decision to hire the claimant; and 3) a connection exists between the withheld information and the injury complained of in the lawsuit. *See Brown v. Parker Drilling Offshore*, 410 F.3d 166, 171 (5th Cir. 2005) (listing elements of *McCorpen* defense) (Rec. Doc. 35 at 3-10). Since these facts are quite obviously in dispute, summary judgment is inappropriate. *See In re Falcon*, 1999 WL 243657 at *3.

## II. Motion to Extend Deadlines

Plaintiff's Motion to Extend Deadlines is GRANTED. The Court however concludes that the matter is not ready for trial and therefore orders the trial date continued. A scheduling telephone conference will be held on October 29, 2009, at 11:30a.m. to reset all dates and deadlines. The court will initiate the telephone conference and will be represented by its case manager.

## III. Motion to Appoint Expert

Defendant asserts that the parties are at an impasse regarding the recommendations of their respective medical experts. (Rec. Doc. 26-2 at 6). Federal Rule of Evidence 706 allows the

3

Court to appoint an expert, *sua sponte* or on the motion of the parties, at the expense of the parties. Defendants argue that when medical evidence is "not particularly clear," a neutral medical opinion provided by a court appointed expert would benefit all parties. (Rec. Doc. 26-2 at 6).

Plaintiff counters that this case is "no different tha[n] any other personal injury case decided by this Court" and "[t]he Court is perfectly capable of making [this] determination." (Rec. Doc. 29 at 3, 6).

This decision is wholly discretionary. At this time, the argument that the medical opinions presented by the parties will be "confusing and conflicting" or that the evidence will be "contradictory" is insufficient to convince the Court that an independent expert is warranted. *See Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999). To the contrary, the parties' Reply (Rec. Doc. 34) and Supplemental Memo (Rec. Doc. 41) highlight not contradictory medical evidence, but contradictory factual evidence regarding the medical advice and treatment Brown has received.

Accordingly,

IT IS ORDERED that plaintiff's Motion for Partial Summary Judgment (Rec. Doc. 22) is DENIED, plaintiff's Motion to Extend Deadlines (Rec. Doc 25) is GRANTED, defendant's Motion to Appoint Expert (Rec. Doc. 26) is DENIED, and trial is continued.

New Orleans, Louisiana, this 13th day of October, 2009.

**HELEN G. BERRIGAN**
UNITED STATES DISTRICT JUDGE