UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES BROWN                                          CIVIL ACTION

VERSUS                                               NO. 09-105

CENAC TOWING CO., INC.                               SECTION "C" (5)

## ORDER AND REASONS [1]

### BACKGROUND

This matter comes before the Court on motion for partial summary judgment (Rec. Doc. 44) filed by defendant, Cenac Towing Co., Inc. ("Cenac"). Having considered the record, the memoranda of counsel and the law, the Court has determined that the motion is GRANTED for the following reasons.

The plaintiff, James Brown ("Brown"), was allegedly injured while employed by Cenac aboard the M/V DUSTIN CENAC as a tankerman on October 26, 2007, at the #2 dock of the Valero St. James facility at Norco, Louisiana. (Rec. Doc 44-6). He claims that he was completing the loading procedure of the barge by disconnecting the "blind" flange end of the hydraulic loading arm, along with fellow tankerman Malcolm Westley, when Valero's dock man prematurely began lifting the loading arm and Brown became pinned between the arm and a winch located on the barge. (Rec. Doc. 51). Brown claims that Westley had to pull the loading

---

[1] Kayvon Sarraf, a third-year student at Tulane University Law School, assisted in the preparation of this Order and Reasons

1

arm off of Brown in order to free him. (Rec. Doc. 51).

Brown brings suit against Cenac alleging negligence under the Jones Act,[2] unseaworthiness, and maintenance and cure pursuant to the general maritime law of the United States. Cenac files its motion for summary judgment on the Jones Act claim.

STANDARDS FOR SUMMARY JUDGMENT

In general, a district court can grant a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c) only when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp v. Catrett*, 477 U.S. 317 (1986). When considering a motion for summary judgment, the district court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986). The court must find "[a] factual dispute ... [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party ... [and a] fact ... [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Technologies, Inc.*, 882 F.2d 993, 996 (5th Cir. 1989) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995) (citing *Celotex*, 477 U.S. at 322-

---

[2] In its complaint, Plaintiff refers to the Jones Act citing 46 U.S.C. §688, which has been changed to 46 U.S.C. §30104.

24). The mere argued existence of a factual dispute will not defeat an otherwise properly supported motion. *See Anderson*, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Id*. at 249-50.

DISCUSSION

The Jones Act provides a seaman a cause of action for injuries sustained as a result of an employer's negligence.[3] To show liability, a plaintiff must show negligent breach of duty and proximate cause that is imputed to the employer. *Spinks v. Chevron Oil Co.,* 507 F.2d 216, 223 (5th Cir. 1975). Even the slightest employer negligence is sufficient for a finding of liability to an injured seaman. *Id.* The issue of proximate cause turns on whether the employer's actions contributed even in the slightest degree and is not destroyed merely because the plaintiff also contributed to his injury. *Id.* Contributory negligence is not a bar to a plaintiff's recovery under the Jones Act, but serves to mitigate or apportion damages in accordance with the doctrine of comparative negligence. *Gavagan v. U.S.*, 955 F.2d 1016, 1018 (5th Cir. 1992). A Jones Act employer is not an insurer of a seaman's safety; the mere occurrence of an injury does not establish liability. *See Marvin v. Central Gulf Lines, Inc.,* 554 F.2d 1295, 1299 (5th Cir. 1999).

In the present case, nothing presented in the complaint, memoranda, or accompanying depositions suggests any negligence on behalf of Cenac. Brown suggests the possibility of negligence on behalf of the Valero employee who was operating the loading arm, as well as potential unseaworthiness as a result of the loading arm allegedly malfunctioning. (Rec. Doc 44-12). Brown insists, however, that nothing done by the vessel's crew did anything to contribute to his injury. (Rec. Doc. 44-12). Brown also maintains that Cenac's equipment was in working

---

[3] 46 U.S.C. §30104.

order and is not critical of anything Cenac did or did not do in relation to his injury claim. (Rec. Doc. 44-12). Brown further maintains that he did not slip on the barge surface, but was simply knocked down by the loading arm. (Rec. Doc. 44-9). As such, no material issue of fact exists as to whether Cenac was negligent and was therefore the proximate cause of Brown's injury.

Accordingly,

Cenac's motion for partial summary judgment as to the Jones Act claim is GRANTED.[4] (Rec. Doc 44).

New Orleans, Louisiana, this 12th day of February, 2010.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[4] Brown's claims for unseaworthiness and maintenance and cure still exist.